UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:01-CR-0001-CDP |
| | ) | |
| GERALD HOPKINS BEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court upon defendants's motion pursuant to Federal Rule of Criminal Procedure 35(a).

In June of 1993, following a nine-month trial involving eight defendants, Gerald Hopkins Bey was convicted of one count of conducting an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), and one count of conspiring to do the same in violation of 18 U.S.C. § 1962(d).  He was sentenced to life imprisonment. United States v. Lewis Bey et al., No. 4:91CR1 (E.D. Mo.).  The United States Court of Appeals for the Eighth Circuit affirmed the conviction.  United States v. Darden, 70 F.3d 1507 (8th Cir. 1995).

In May 1997, Hopkins Bey filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  See Hopkins v. United States, No. 4:97-CV-958-ERW (E.D. Mo.).  Among his claims, Hopkins Bey alleged ineffective assistance of counsel, violation of due process, failure of the government to disclose exculpatory material, and prosecutorial misconduct.  On September 8, 2000, the Honorable E. Richard Webber, United States

District Judge, denied Hopkin Bey's § 2255 motion and ordered that a certificate of appealability shall not issue if defendant filed an appeal.  Hopkins Bey filed an untimely notice of appeal that was dismissed by the Eighth Circuit Court of Appeals for lack of jurisdiction.  Hopkins v. United States, No. 01-1613 (8th Cir., Sept. 9, 2001).  Since the dismissal of his appeal, Hopkins Bey has filed two post-judgment motions in Cause No. 4:97-CV-958-ERW that have been denied.

On August 7, 2003, Hopkins Bey filed the instant motion under Rule 35(a) indicating the he is seeking relief under the version of the rule that is applicable to offenses occurring prior to November 1, 1987.[1]  Hopkins Bey asserts that the second life sentence he received on Count II for violation of  18 U.S.C. § 1962(d) is illegal because it violates the Double Jeopardy Clause.  Hopkins Bey argues that Count II was based on the "same exact conspiracy evidence" used to prove his conviction on Count I for violation of 18 U.S.C. § 1962(d).

Although Hopkins Bey states that he is not attacking his Count II conviction but only his sentence, it appears he is in fact alleging that his conviction on Count II is in violation of the Double Jeopardy Clause.  If this is the case, this motion is in effect a second or successive § 2255 motion and Hopkins Bey has not received authorization from the Eighth Circuit Court of Appeals to file it in this Court.  Defendant cannot use the instant motion to bypass the requirement that he obtain authorization for a successive collateral filing.  See United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002).  Even if the Court construes

---

[1]Former Rule 35(a) allows the Court to correct an illegal sentence at any time.

defendant's motion as arguing that his conviction was legal but that his sentence violated the Double Jeopardy Clause, the motion still must be denied.  The offenses prescribed by 18 U.S.C. §§ 1962(c) and (d) are not the same offense for double jeopardy purposes.  <u>See</u> <u>United States v. Kehoe</u>, 310 F.3d 579, 587-88 (8th Cir. 2002), <u>cert. denied</u>, 123 S. Ct. 2112 (2003).  Thus,  a defendant can be convicted and sentenced for both offenses without the Court running afoul of the Double Jeopardy Clause.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion pursuant to Fed. R. Crim. P. Rule 35(a)  [Doc. #198] is  **DENIED.**

Dated this 7th day of November, 2003.

_____
**UNITED STATES DISTRICT JUDGE**