UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:91CR 1 CDP |
| | ) | |
| GERALD HOPKINS-BEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Defendant Gerald Hopkins-Bey has filed a "Motion to Correct Illegal Sentence Pursuant to Rule 35(a)." In the motion he argues that he should be resentenced now that United States v. Booker, 125 S.Ct. 738 (2005), has declared the United States Sentencing Guidelines to be advisory rather than mandatory. In Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005), the Eighth Circuit Court of Appeals held that Booker does not apply to criminal convictions that became final before Booker was decided. Hopkins-Bey's conviction became final in 1993, and Booker was not decided until January of 2005. Under the law of this circuit, Hopkins-Bey cannot benefit from Booker.

I also note that Hopkins-Bey's motion is procedurally improper under Rule 35(a), Fed. R. Crim. P., which only allows correction of a sentence within seven

days for arithmetical, technical or other error. The motion might be more properly characterized as one brought under 28 U.S.C. § 2255, but if it were so characterized, it would fail for multiple reasons. First, it would be barred by the one-year statute of limitations contained in § 2255. Second, it would be denied as successive, as Hopkins-Bey has already filed one unsuccessful motion under § 2255. <u>Hopkins-Bey v. United States</u>, 4:97CV958 ERW. The Court of Appeals summarily affirmed the denial of that first § 2255 motion, and Hopkins-Bey cannot file a second motion without prior permission from the court of appeals.

Accordingly,

**IT IS HEREBY ORDERED** that Hopkins-Bey's pro se motion to correct illegal sentence [#237] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2005.