RECEIVED
BY MAIL
JAN 0 3 2006
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD HOPKINS-BEY,<br>      Defendant, | )<br>)<br>)<br>)<br>) |
| - V - | )   Cause No. 91-1CR-(CDP) |
| UNITED STATES OF AMERICA,<br>      Plaintiff. | )<br>)<br>)<br>) |

## MOTION FOR RECONSIDERATION, TO ALTER OR AMEND JUDGMENT PURSUANT TO 59(e) FEDERAL RULE CIVIL PROCEDURE.

**COME NOW**, petitioner Gerald Hopkins-Bey, *pro se*, to honorably request this court clarify the Order and Judgment entered on December 19, 2005, denying said Rule 35(a) motion.

Petitioner has submitted his motion to Correct an illegal sentence at any time pursuant to the "old Rule" 35(a); which this Honorable Court has re-construde said motion as a collateral attack pursuant to 28 U.S.C., Section 2255;

*which it is not*. The United States Supreme Court has stated, lower courts cannot re-classify a petition as second or successive Section 2255 without first giving petitioners an opportunity to withdraw the motion. *United States v. Castro*, 157 L.Ed.2d 778, 540 U.S. \_\_\_\_ (2003).

This Rule 35(a) motion is not a collateral attack on the sentence and has historically been considered by the United States Supreme Court as a motion made in the "original case". See *Heflin v. United States*, 358 U.S. 415, 418 n.7, 79 S.Ct. 451, 453 n.7, 3 L.Ed.2d 407 (1959).

A clear reading on Rule 35(a) also finds support in the Supreme Court's rulings on collateral remedies, particularly 28 U.S.C., Section 2255 (1976). Rule 35(a) differs from section 2255 in that new rules or decisions are more easily applied retroactively in the original case. See e.g., *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

As further clarified by the Eighth Circuit in *United States v. Peltier*, 312 F.3d 938 (202), wherein the appellate court recognized the utility and applicability of a Rule 35(a) motion when properly filed to correct an "illegal sentence". *Id*., at 942-43.

Other circuits have recognized the applicability and availability of a properly filed motion under Federal Rules Criminal Procedure Rule 35(a) to correct an illiegal sentence at any time.

In *United States v. Landrum*, 93 F.3d 122 (4th Cir. 1996), wherein this court also consistent with the Heflin opinion from the Supreme Court has recognized a petitioner's right to present a meritorious challenge to an illegal sentence applying Rule 35(a).

Former Rule 35(a) which authorized a court to "correct an illegal sentence at any time," imposes no precedural default hurdle because "a Rule 35 motion [was] a motion made in the original case ... as part of the appellate process from the original conviction rather than a collateral attack on the sentence."

See also, *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978); and *Callanan v. United States*, 364 U.S. 587, 589 n.3, 81 S.Ct. 321, 322, 5 L.Ed.2d 312 (1961) citing *Helfin v. United States*, 358 U.S. 415, 418, 422 (1959).

Therefore, Mr. Hopkins-Bey has established the validity of a Rule 35(a)

motion, and the required applicability to his case as the charges brought by his indicted alleged offenses committed before November 1, 1987. See Pub. L. No. 99-217 99 Stat. 1728 (1985).

The district court's recharacterization of his motion in its Memorandum and Order on December 19th, 2005, is contrary to the Supreme Court's holding in *Castro v. United States*, 157 L.Ed.2d 778 (2003), wherein the Supreme Court held because the district court failed to warn the defendant before recharacterization of his motion -- the motion could not lawfully be recharacterized, and *Never Misses a Shot v. United States*, does not procedurally bar his claims.

**WHEREFORE,** defendant now submits this motion for reconsidertion to alter or amend the judgment in the interest of justice that the court may reach the merits of the issues presented.

12/26/05 A.D.
DATED:

Respectfully submitted:

Gerald Hopkins-Bey, *Pro se*

## CERTIFICATE OF SERVICE

I, GERALD HOPKINS-BEY, hereby Certify that a true and correct copy of the foregoing instrument "MOTION FOR RECONSIDERATION TO ALTER OR AMEND JUDGEMNT" was served Via U.S. Postal Service, postage fully pre-paid, on this 26 day of December, 2005, to the following adverse party of interest:

MICHAEL FAGAN, AUSA.
U.S. Attorney's Office
111 South 10th Street.
St. Louis, MO. 63102

*Gerald Hopkins-Bey*
Gerald Hopkins-Bey
U.S.P. Terre Haute II
P.O. Box 12015
Terre Haute, IN. 47801