UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD HOPKINS, | ) |
| Movant, | ) |
| v. | ) No. 4:16-CV-1125 JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion for Relief under 28 U.S.C. § 2255 (Doc. 12). For the following reasons, the Court will grant the Joint Motion.

**Background**

On July 14, 1989, a jury found Hopkins guilty on a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Crim. Docs. 4-5, 8 in United States v. Hopkins, No. 4:88-cr-00245-JAR-2 (E.D. Mo.)). On October 26, 1989, the Honorable Clyde S. Cahill sentenced Hopkins to 15 years in prison and three years of supervised release after finding that he had three previous convictions for violent felonies that supported the imposition of an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (Crim. Doc. 5). As relevant, Hopkins had one prior conviction for Missouri statutory rape and two prior convictions for assault with intent to kill with malice (Crim. Doc. 4 at 7-9).

In June 1993, Hopkins was convicted, in connection with a drug-trafficking-and-murder-for-hire enterprise, on one count of conducting an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c); and one count of conspiring to do the same in violation of 18 U.S.C. § 1962(d). He is currently serving a life sentence for those offenses.

United States v. Hopkins, No. 4:91-cr-00001-CDP-9 (E.D. Mo.); see also United States v. Darden, 70 F.3d 1507, 1516-17 (8th Cir. 1995) (affirming Hopkins's RICO conviction and life sentence); Hopkins v. United States, No. 4:97-cv-958 ERW (E.D. Mo. Sept. 8, 2000) (denying § 2255 motion in which Hopkins attacked his RICO conviction and sentence).

## Discussion

The sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is generally no more than ten years in prison. 18 U.S.C. § 924(a)(2). If, however, the defendant has three prior convictions for a "violent felony," the ACCA increases the sentence in felon-in-possession cases to a mandatory minimum of fifteen years, and maximum of life, in prison. 18 U.S.C. § 924(e).

The ACCA defines a violent felony to include any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B) (emphasis added for "residual clause").

In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates due process. 135 S. Ct. at 2558, 2563. Because Johnson announced a new substantive rule, it applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264-65 (2016). The parties agree that, in light of Johnson, Hopkins does not have three prior convictions for a "violent felony," as that term is defined in the ACCA, and that his ACCA-enhanced sentence is illegal because it exceeds the unenhanced, ten-year maximum term of imprisonment otherwise authorized for his felon-in-possession conviction.

2

The Court agrees that Hopkins's sentence in this case is now unconstitutional because it exceeds the statutorily authorized sentence for his offense of conviction. See Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (sentence imposed in excess of statutory authority is illegal). Hopkins's Missouri statutory rape conviction did not have as an element the use, attempted use, or threatened use of physical force against the person of another. It was not a burglary, arson, or extortion, nor did it involve the use of explosives. In light of Johnson and Welch, the conviction cannot be considered a violent felony under the ACCA's residual clause. The Court thus agrees with the parties that Hopkins has no more than two prior convictions for a "violent felony" for the purpose of applying the ACCA to his July 1989 felon-in-possession conviction. The Court will therefore grant the Joint Motion in accordance with 28 U.S.C. § 2255(a) which permits a federal prisoner to move to vacate, set aside, or correct his sentence on the basis that the sentence exceeds the maximum authorized by law. Hopkins has waived any right he may have to personally appear before the undersigned for purposes of resentencing (Crim. Doc. 12). The Court will therefore proceed to resentence Hopkins by entering an amended judgment in his criminal case. **This Order does not entitle Hopkins to release from the custody of the Federal Bureau of Prisons, as it does not disturb Hopkins's RICO convictions, or the life sentence imposed thereon, in United States v. Hopkins, No. 4:91-cr-00001-CDP-9 (E.D. Mo.).**

### Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Relief under 28 U.S.C. § 2255 (Doc. 12) is **GRANTED**. An amended judgment will be entered in United States v. Hopkins, No. 4:88-cr-00245-JAR-2. This Memorandum and Order **does not disturb the life**

3

sentence imposed on Hopkins in <u>United States v. Hopkins</u>, No. 4:91-cr-00001-CDP-9 (E.D. Mo.). <u>Hopkins shall remain in the custody of the Federal Bureau of Prisons.</u>

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket a copy of this Memorandum and Order in <u>United States v. Hopkins</u>, No. 4:88-cr-00245-JAR-2; and <u>United States v. Hopkins</u>, No. 4:91-cr-00001-CDP-9 (E.D. Mo.).

**IT IS FINALLY ORDERED** that Hopkins's original Motion to Vacate (Doc. 1) and Amended Motion (Doc. 8) are **DENIED as moot**.

Dated this 21st day of June, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4