UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
    v.                          )        Case No. 4:91 CR 1 CDP-9
                                )
GERALD HOPKINS BEY,             )
                                )
        Defendant.              )

## MEMORANDUM AND ORDER

In June of 1993, following a nine-month trial involving eight defendants,

Gerald Hopkins Bey was convicted of one count of conducting an enterprise through

a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) and one count

of conspiring to do the same in violation of 18 U.S.C. § 1962(d).  He was sentenced

to life imprisonment.  The Eighth Circuit Court of Appeals affirmed his conviction

and sentence.  *United States v. Darden*, 70 F.3d 1507 (8th Cir. 1995).  Since his

conviction, Hopkins Bey has filed numerous post-conviction motions and appeals,

all of which have been denied.[1]

---

[1] In addition to filing several *pro se* post-conviction motions in this criminal case, Hopkins Bey
has brought several separate actions and filed several motions therein challenging his conviction
and sentence, *e.g.*, *Hopkins Bey v. United States*, Case No. 4:97CV958 ERW (E.D. Mo.) (§ 2255
motion denied), *appeal dismissed for lack of jurisdiction*, Case No. 01-1613 (8th Cir. Sept. 19,
2001); *Hopkins Bey v. United States*, Case No. 02-1747 (8th Cir. Apr. 10, 2002) (dismissing §
2255 appeal as untimely); *Hopkins Bey v. United States*, Case No. 03-3007 (8th Cir. Dec. 3, 2003)
(affirming denial of reconsideration, and denying petition to file successive § 2255 motion);
*Hopkins Bey v. United States*, Case No. 04-2202 (8th Cir. Nov. 24, 2004) (affirming denial of
reconsideration); *Hopkins Bey v. United States*, Case No. 17-2021 (8th Cir. Aug. 23, 2017)

Hopkins Bey is a 70-year-old Black male presently incarcerated at FCI Greenville in Illinois.  Through appointed counsel, he filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his medical conditions and personal characteristics place him at a high risk of serious complications should he contract COVID-19.  He also challenges the sentence imposed in this case.  The government opposes the motion.  I will deny Hopkins Bey's motion for compassionate release.

Hopkins Bey has many serious health conditions, some of which are recognized by the Centers for Disease Control and Prevention as placing him at high risk for a serious course of disease if he should contract COVID-19.  He has kidney stones, hypertension, high cholesterol, diabetes, enlarged prostate, and heart disease. Medical records submitted by the parties show the conditions to be stable and/or under good control with treatment provided by the Bureau of Prisons.  He contracted COVID-19 in October 2020 and recovered that same month with no significant symptoms documented.  As of April 28, 2021, he has received both doses of the Pfizer vaccine.

A court can reduce a final sentence only under the very limited circumstances listed in 18 U.S.C. § 3582(c).  Under § 3582(c)(1)(A), compassionate release may

---

(affirming denials of reconsideration); *Hopkins Bey v. United States*, Case No. 18-3712 (8th Cir. June 19, 2019) (petition to file successive § 2255 motion denied).

be granted if the court finds, "after considering the factors set forth in section

3553(a) to the extent they are applicable," that "extraordinary and compelling

reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).

Hopkins Bey has not shown that compassionate release is warranted under 18

U.S.C. § 3582(c)(1)(A).  Although he has shown that he suffers from multiple health

conditions and has personal characteristics that place him at high risk, the pandemic

and his serious medical conditions do not overcome the seriousness of his crimes.

The statute allows release if the court finds, "after considering the factors set forth in

section 3553(a) to the extent they are applicable," that "extraordinary and

compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  One

of the § 3553(a) factors, of course, is the need for the sentence to reflect the

seriousness of the crime, promote respect for the law, and provide just punishment

for the offense.

The Eighth Circuit described the evidence adduced at trial as showing that

Jerry Lewis Bey, the leader of a violent and murderous drug-trafficking enterprise in

St. Louis, referred to Hopkins Bey as his "little hitman" and that Hopkins Bey was

involved in the murder of a deputy sheriff and participated in the planning of at least

two other murders, including that of a rival drug dealer.  *Darden*, 70 F.3d at 1522,

1525-26.  The Eighth Circuit also noted that evidence of Hopkins Bey's

involvement in the enterprise's drug trade was extensive, including being present at

the enterprise's information-sharing meetings and participating in its affairs through patterns of racketeering activity.  *Id.* at 1522-23, 1525.  To the extent Hopkins Bey challenges in his current motion the Eighth Circuit's factual findings, the facts adduced at trial, the evidence to support the jury's verdicts, or the evidence upon which the court determined his sentence, a motion for compassionate release is not the vehicle to relitigate such claims.  Otherwise, "prisoners would, in effect, 'impermissibly circumvent' the procedural limitations Congress designed for § 2255 motions."  *United States v. James*, No. 13-20669, 2021 WL 2012783, at *3 (E.D. Mich. May 20, 2021) (quoting *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014)).  "Failure to construe such requests for compassionate release as successive § 2255 motions would risk making statutory limitations on successive § 2255 irrelevant and unnecessary."  *Id.  See also United States v. Callahan*, 488 F. Supp. 3d 10, 16 (E.D.N.Y. 2020) ("the newly-expanded right to seek compassionate release in extraordinary circumstances cannot be reduced to a vehicle for mere reconsideration of a sentence."), *vacated and remanded on other grounds sub nom. United States v. Manson*, No. 20-3401, 2021 WL 1330979 (2d Cir. Apr. 6, 2021).

To the extent Hopkins Bey also argues that a change in the law warrants a reduced sentence, I disagree.  The sentencing guidelines were mandatory when Hopkins Bey was sentenced in 1993, but now, after *United States v. Booker*, 543 U.S. 220 (2005), they are applied in an advisory manner.  Hopkins Bey therefore

contends that he would not be subject to a guidelines-mandated term of life imprisonment if he were sentenced today.  While a succeeding change in a previously-mandated sentencing regime may be a factor in considering whether a defendant's circumstances are sufficiently extraordinary and compelling to grant compassionate release, *see United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *5 (W.D. Tenn. June 8, 2020), Hopkins Bey presents no persuasive argument suggesting that it was the then-mandatory nature of the guidelines that drove the sentencing judge to sentence him to life in prison.  As set out above and summarized by the Eighth Circuit, Hopkins Bey was part of a vast and violent drug conspiracy enterprise that spanned several years and involved numerous murders of law enforcement officials, government witnesses, and drug rivals.  Hopkins Bey himself was involved in several of the murders and was considered by the leader of the organization as a "hitman."  Given this and other substantial evidence, there is no indication that the sentencing judge would have imposed something other than life sentences but for the mandatory nature of the guidelines.  Moreover, I am not in a position to review the decision of the sentencing judge or grant the extraordinary remedy of compassionate release based on nothing more than speculation about whether the judge would have departed from the guidelines if he were permitted at that time to do so.  *See id.* at *6.

Hopkins Bey also argues that he has been rehabilitated because he has taken

educational classes through a community college, obtained certificates of completion of various programs, mentors young offenders, and makes charitable contributions.  While I commend defendant's rehabilitation efforts while at the BOP, his claims made in various filings in this and other cases display his failure to acknowledge the seriousness of his criminal conduct as demonstrated by his repeated arguments that he was convicted on perjured testimony, prosecutorial misconduct, investigative misconduct, and violations of the rules of discovery. Hopkins Bey's continued denial and minimization of his serious and violent crimes shows that he remains a danger to society.

Finally, I do not doubt that Hopkins Bey has serious medical conditions, but there is no evidence that the Bureau of Prisons could not adequately care for him in the unlikely event that he contracts COVID-19 again given all the safeguards and protocols in place at the institution.  Moreover, his recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with his underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release.  Although vaccines are not one hundred percent effective, the CDC states that "[c]urrently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19."[2]  Vaccines are particularly effective at preventing "severe illness and

---

[2] Centers for Disease Control and Prevention, *Covid-19, Guidance for Fully Vaccinated People*,

death."[3]  Accordingly, as a result of his vaccination, Hopkins Bey now has

significant protection against serious illness or death should he contract COVID-19

again.  Regardless, even if he is at increased risk for serious disease if he contracts

COVID again, that alone is not a reason to release him from his life sentence.

I conclude that Hopkins Bey remains a danger and has failed to show

extraordinary and compelling reasons justifying compassionate release.  The

seriousness of his crimes, his failure to accept responsibility for his criminal

behavior, and his history of attempting to manipulate other people and the legal

system all lead me to believe that he is a danger should he be released.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Gerald Hopkins Bey's motion

for compassionate release under the First Step Act [399] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2021.

---

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (updated May 28, 2021) (last visited June 3, 2021).

[3] Centers for Disease Control and Prevention, *Covid-19, When You've Been Fully Vaccinated*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (updated May 16, 2021) (last visited June 3, 2021).